UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| LLOYD GREEN, ) | |
| ) | Case No. 3:22-cv-117 |
| *Plaintiff*, ) | |
| ) | Judge Travis R. McDonough |
| v. ) | |
| ) | Magistrate Judge Jill E. McCook |
| BRANDON ROBINSON, MICHAEL ) | |
| PARRIS, and JONATHAN CORBIN, ) | |
| ) | |
| *Defendant*. | |

**ORDER**

Plaintiff, a prisoner of the Tennessee Department of Correction ("TDOC"), has filed a pro se complaint for violation of 42 U.S.C. § 1983 [Doc. 1] and a motion for leave to proceed *in forma pauperis* [Doc. 4].

**I.      MOTION FOR LEAVE TO PROCEED *IN FORMA PAUPERIS***

First, as it appears from Plaintiff's motion for leave to proceed *in forma pauperis* [*Id.*] that he is unable to pay the filing fee, this motion will be **GRANTED**.  Because Plaintiff is a TDOC inmate, he will be **ASSESSED** the civil filing fee of $350.00.  The custodian of Plaintiff's inmate trust account will be **DIRECTED** to submit to the Clerk, U.S. District Court, 800 Market Street, Suite 130, Knoxville, Tennessee 37902, twenty percent of Plaintiff's preceding monthly income (or income credited to Plaintiff's trust account for the preceding month), but only when such monthly income exceeds ten dollars, until the full filing fee of three hundred fifty dollars as authorized under 28 U.S.C. § 1914(a) has been paid to the Clerk.  28 U.S.C. § 1915(b)(2).

To ensure compliance with this procedure, the Clerk will be **DIRECTED** to provide a copy of this memorandum and order to the custodian of inmate accounts at the institution where Plaintiff is now confined and the Court's financial deputy. This order shall be placed in Plaintiff's prison file and follow him if he is transferred to another correctional institution.

## II. COMPLAINT

Plaintiff alleges that on January 24 or January 31, 2022, while he was having a mental health episode, he busted the sprinkler head in his cell in a manner that soaked his mattress and blanket [Doc. 1 p. 3–4]. Plaintiff then was taken from his cell and did not receive a new blanket or mattress when he returned [*Id.* at 4]. Plaintiff therefore has been sleeping on a steel bunk since the incident [*Id.*]. Plaintiff notified Defendants about this situation, and Defendants Robinson and Parris told him that he had to suffer the consequences of his actions, and Defendant Parris agreed with this determination [*Id.*]. Notably, Plaintiff does not address how much, if at all, his mattress and blanket have dried in the time after the soaking incident and before he filed his complaint. And Plaintiff still appears to allege that he cannot sleep with the blanket that was soaked in the incident, even though it seems apparent that this blanket would have completely dried in the time before Plaintiff filed his complaint, if not long before.

Nevertheless, as Plaintiff adequately alleges that Defendants denied him a mattress and blanket due to his actions during a mental health episode, the Court will allow Plaintiff's claims to proceed against Defendants at this time.

## III. CONCLUSION

For the reasons set forth above:

1. Plaintiff's motion for leave to proceed *in forma pauperis* [Doc. 4] is **GRANTED**;

2. Plaintiff is **ASSESSED** the civil filing fee of $350.00;

2

Case 3:22-cv-00117-TRM-JEM   Document 5   Filed 05/13/22   Page 2 of 3   PageID #: 16

3. The custodian of Plaintiff's inmate trust account is **DIRECTED** to submit the filing fee to the Clerk in the manner set forth above;

4. The Clerk is **DIRECTED** to provide a copy of this memorandum and order to the custodian of inmate accounts at the institution where Plaintiff is now confined and the Court's financial deputy;

5. The Clerk is **DIRECTED** to send Plaintiff service packets (a blank summons and USM 285 form) for all Defendants;

6. Plaintiff is **ORDERED** to complete the service packets and return them to the Clerk's Office within twenty (20) days of entry of this order. At that time, the summonses will be signed and sealed by the Clerk and forwarded to the U.S. Marshal for service, *see* Fed. R. Civ. P. 4. Service on Defendants shall be made pursuant to Rule 4(e) of the Federal Rules of Civil Procedure and Rule 4.04(1) and (10) of the Tennessee Rules of Civil Procedure, either by mail or personally if mail service is not effective;

7. Plaintiff is **NOTIFIED** that if he fails to timely return the completed service packets, this action may be dismissed. Defendants shall answer or otherwise respond to the complaint within twenty-one (21) days from the date of service. If any Defendant fails to timely respond to the complaint, it may result in entry of judgment by default against him; and

8. Also, Plaintiff is **ORDERED** to immediately inform the Court and Defendants or their counsel of record of any address changes in writing. Pursuant to Local Rule 83.13, it is the duty of a pro se party to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently. E.D. Tenn. L.R. 83.13. Failure to provide a correct address to this Court within fourteen days of any change in address may result in the dismissal of this action.

**SO ORDERED.**

                                             */s/ Travis R. McDonough*
                                             **TRAVIS R. MCDONOUGH**
                                             **UNITED STATES DISTRICT JUDGE**